# E. S. GUDYKUNST ET AL. v. GALLOWAY & MEEK.

### CERTIORARI TO THE COURT OF COMMON PLEAS OF UNION COUNTY.

Argued May 24, 1888—Decided October 1, 1888.

1. If in an action against two, a narr and affidavit of claim charge a joint contract, and after return day the record be amended by striking out the name of one of the defendants, judgment may not be taken against the other for want of an affidavit of defence, without notice.

2. In a joint suit against a husband and wife, the wife filed an affidavit of defence setting up her coverture. Judgment was then taken against the husband for want of an affidavit of defence, but soon thereafter opened generally. Six years elapsed, when an amendment was made striking the wife's name from the pleadings, and the same day judgment was again entered against the husband for want of an affidavit of defence: On certiorari, held that the entry of the judgment was erroneous.

Before GORDON, C. J., PAXSON, STERRETT, GREEN, CLARK and WILLIAMS, JJ.; TRUNKEY, J., absent.

Statement of Facts.

No. 46 July Term 1888, Sup. Ct.; court below, No. 82 September Term 1879, C. P.

On September 2, 1879, an action of assumpsit was brought by John Galloway and R. C. Meek, trading as Galloway & Meek, against E. S. Gudykunst, and Margaret Gudykunst, his wife, to recover the amount of an account for goods sold and delivered. On September 13th, before the return day of the writ, a declaration in the common counts was filed, together with a sworn copy of an account against E. S. Gudykunst and Margaret, his wife, "correctly copied from the books of original entry of Galloway & Meek," etc.

On October 11, 1879, Margaret Gudykunst filed an affidavit of defence alleging her coverture before and at the time the alleged indebtedness was contracted, and on December 10th, following, an office judgment was entered against E. S. Gudykunst and the sum due liquidated at $658.15. On January 29, 1880, on motion without petition, "it is ordered that the judgment be opened and the defendant be let into a defence."

In 1885, Margaret Gudykunst had died owning real estate in her own right (as admitted in the paper-books), and on August 9th of that year, on motion of the plaintiffs' attorneys the record of the cause was amended by striking out the name of Margaret Gudykunst wherever it appeared, and, the same day, on motion of the plaintiffs' attorneys, in open court, Bucher, P. J., "judgment in above case in favor of plaintiffs and against E. S. Gudykunst, defendant, by default, for want of an affidavit of defence, sec. reg.," which judgment was liquidated at $901.76, and a fieri facias issued thereon, upon which a levy was made upon the curtesy estate of the defendant in the real estate of his deceased wife.

Rule of Court, § 74, of the county, contains the usual provisions for judgment for want of an affidavit of defence, upon filing with the narr and before return day of the writ an affidavit of claim with a copy of the instrument or account sued on, and, in addition, the following:

But if the copy of the bills or other claims aforesaid, or the affidavit of the plaintiff aforesaid, be not filed on or before the return day aforesaid, the plaintiff shall still be entitled to judgment on motion, on giving thirty days notice to the de-

fendant or his attorney that the same is filed, if the affidavit of defence in form aforesaid be not filed before the expiration of said thirty days.   And in such case the plaintiff may move the court for judgment on any motion day after the expiration of the said thirty days. . . . . .

On October 1, 1887, the defendant took this writ of certiorari, and assigned as error:

1. That nothing appeared upon the record to warrant the judgment entered against the defendant in the court below.

In the Supreme Court, the defendants in error, on May 21, 1888, filed a motion to quash the writ of certiorari, for various reasons, in substance, that the judgment in the case was a final judgment in an action of assumpsit, a proceeding after the course of the common law, and the proper writ for a review thereof was a writ of error: citing among other cases, McClemmons v. Graham, 3 Binn. 88; Commonwealth v. Beaumont, 4 R. 367; Aurentz v. Porter, 48 Pa. 336; Ruhlman v. Commonwealth, 5 Binn. 28; Commonwealth v. The Judges, 3 Binn. 273; Endlich on Affidavits of Defence, § 658; Harres v. Commonwealth, 35 Pa. 417; Phil. etc. R. Co., 6 Wh. 40, and other cases.

*Mr. A. H. Dill* and *Mr. E. M. Beale,* for the plaintiff in error:

By the order of January 29, 1880, opening the judgment, the defendant was entitled to a defence without filing an affidavit.   Nor did the amendment made by the plaintiffs entitle them to take judgment.   The action was a joint action, and it is clear that it could have been proceeded in against the husband, notwithstanding the wife's defence of coverture.   Hence the amendment was unnecessary.   But the amendment in effect was the filing of a new declaration charging the defendant alone with the debt, and, being made after return day, the record does not show that there was notice to the defendant, to entitle the plaintiffs to judgment.   Moreover, such proceedings were had in the cause that the right to require an affidavit was waived: O'Neal v. Rupp, 22 Pa. 395.

*Mr. A. A. Leiser* (with him *Mr. Charles S. Wolfe*), for the defendants in error:

1. The propriety of the amendment is obvious. An action cannot be maintained against both husband and wife, upon a promise alleged to have been made by both during coverture; for, as to the wife the promise is void and in law is considered as the promise of the husband: Husband's Married Women, § 136. The credit of a married woman is nothing in the eyes of the law; when she does contract, the law esteems her the agent of her husband, and the debts created are his debts, not hers: Heugh v. Jones, 32 Pa. 432; Hallowell v. Horter, 35 Pa. 375; Leinbach v. Templin, 105 Pa. 522.

2. If, as urged, the plaintiffs' rights against the husband were not enlarged by the amendment, what is the force of the position that he had no notice of it? But, as the amendment was allowed and the order signed in open court, he had notice of it. That it was proper under the acts of May 4, 1852, P. L. 574, and April 12, 1858, P. L. 243, is unquestionable. These statutes are to receive a liberal construction: Weller's App., 103 Pa. 594; and amendments may be allowed at any stage of the proceedings: Beeson v. Commonwealth, 13 S. & R. 253. The husband lost no valuable right by the amendment; as to his liability he was exactly where he was before.

3. The defendant was not prejudiced by the fact that plaintiffs did not move for judgment against him; he has no ground to complain of the indulgence: Slocum v. Slocum, 8 W. 367. The debt was the husband's; charging an account to a man and his wife no more avoids it or affects the liability of the husband therefor, than does the signature of a married woman to a note executed by herself and her husband release him from liability thereon. When one goes upon such a note with a married woman, he only is bound and her name may be stricken out: Unangst v. Fitler, 84 Pa. 135; Shallcross v. Smith, 81 Pa. 132; Heugh v. Jones, 32 Pa. 432; Hallowell v. Horter, 35 Pa. 375; Leinbach v. Templin, 105 Pa. 522.

4. The purpose of the affidavit of defence law is to speed the determination of causes. What meritorious defence is disclosed on this record? By his utter silence for six years the defendant's liability and the justness of the plaintiffs' claim are admitted. The proceedings to the judgment against the defendant were all regular. If he were taken by surprise, his remedy was, not to come here with a technical argument upon

a certiorari, but to go before the Court of Common Pleas with an application to open the judgment: Wilson v. Hayes, 18 Pa. 354. And if this writ may be viewed as an application to vacate and strike off, it would be out of time under Philadelphia v. Coulston, 118 Pa. 541: the sentiment of this court as to such applications is well expressed in Crosby v. Massey, 1 P. & W. 229.

5. The right to require an affidavit of defence was not waived by the proceedings had. The opening of the judgment against the husband in 1879 was not the plaintiffs' act. After that opening no affidavit of defence was ever filed, and no step was taken by the plaintiffs that could in any way mislead the defendant. The motion for judgment was the next regular step in the cause. In O'Neal v. Rupp, 22 Pa. 395, an affidavit of defence had been filed, and plaintiff moved for judgment after he had ruled the defendant to plead and after a plea had been entered. The authority is therefore inapplicable.

OPINION, MR. JUSTICE CLARK:

This suit was brought September 2, 1879, by Galloway & Meek against E. S. Gudykunst and Margaret his wife, jointly, upon an itemized statement of account for goods sold and delivered amounting to $664. The copy of account filed shows the charges to have been made against the husband and wife jointly, and the declaration, which was upon the common counts only, was for a joint debt and contained no averments charging the separate estate of the wife. Margaret Gudykunst filed an affidavit of defence alleging coverture at the time the debt was created, and that the debt was not contracted by her, nor by any one for her. Thereupon on December 10, 1879, judgment was entered against the defendant, E. S. Gudykunst, for want of an affidavit of defence, for $658.15; on January 29, 1880, however, the judgment was opened and the defendant let into a defence. Whether the judgment was opened on application of the plaintiff, or of the defendant, or by the court upon its own motion, does not appear. The record remained in this condition for six years and more, when on August 9, 1886, without notice to the defendants, or either of them, the record was amended by striking out the name of Margaret Gudykunst as a party defendant,

and judgment was again entered against E. S. Gudykunst, the remaining defendant, for want of an affidavit of defence, in the sum of $901.76 ; this is the error complained of.

There is no dispute upon the facts ; they all appear upon the face of the record. The only question is, whether or not the court, under the circumstances stated, had any authority to enter the judgment for want of an affidavit of defence ; we think not. By the pleadings originally filed, E. S. Gudykunst was charged jointly with his wife ; in this form of proceeding he made no defence, relying perhaps upon the joinder of his wife and the force of her affidavit, as a defence against the plaintiff's recovering against him. Whether he knew of the judgment of December 10, 1879, does not appear and perhaps that is not material. But it is plain that when the pleadings were so amended as to make him the only defendant, he had a right to notice of the fact before an affidavit of defence could be required of him, if an affidavit was required of him at all. It is admitted that under the pleadings, as originally filed, coverture being admitted therein, the joint action against the husband and wife could not be sustained. When the time arrived for judgment, under the rule of court, the plaintiff therefore was not entitled to judgment ; the judgment which was then erroneously entered was in a few days thereafter opened, and he could not put matters in a better position, under the rule, by any subsequent amendment, excepting, perhaps, upon thirty days' notice to the defendant or his attorney, and then judgment could only have been entered upon motion in open court. The defendant had a right to content himself with the condition of the record at the time fixed by the rule, until further notice. The judgment was without doubt erroneously entered, and the same is therefore

Reversed, and a procedendo awarded.